UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JODI KATZEFF, Individually and on behalf of all Others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> COPELAND ENTERPRISES, INC., <br><br> Defendant. | C.A. No.:  1:26-cv-11741-WGY |

## ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT

Defendant Copeland Enterprises, Inc. ("Copeland"), by and through its undersigned attorney, hereby answers the Class Action Complaint filed by plaintiff Jodi Katzeff ("Katzeff"), as follows:

1.      Copeland denies any violation of the Telephone Consumer Protection Act ("TCPA") or that Katzeff is entitled to any redress for alleged violations of the TCPA.

### NATURE OF THE ACTION

2.      The allegation in paragraph 2 states a general summary of claims, including class action claims, which Copeland denies.

3.      Admitted.

4.      Denied.

5.      The allegations of Paragraph 5 contain conclusions of law and requests for relief to which Copeland need not respond.  To the extent the allegations of Paragraph 5 contain factual allegations or other allegations to which Copeland must respond, those claims are denied.

**JURISDICTION AND VENUE**

6. The allegations of Paragraph 6 contain conclusions of law and requests for relief to which Copeland need not respond. To the extent the allegations of Paragraph 6 contain factual allegations or other allegations to which Copeland must respond, those claims are denied.

7. The allegations of Paragraph 7 contain conclusions of law and requests for relief to which Copeland need not respond. To the extent the allegations of Paragraph 7 contain factual allegations or other allegations to which Copeland must respond, those claims are denied.

**PARTIES**

8. Copeland lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 8, and they are therefore denied.

9. Copeland lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 9, and they are therefore denied.

10. Admitted.

11. Admitted.

12. The allegations of Paragraph 12 contain general statements and conclusions of law to which Copeland need not respond. To the extent the allegations of Paragraph 12 contain factual allegations or other allegations to which Copeland must respond, those claims are denied.

**FACTS**

13. Admitted.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

2

18.    Denied.

19.    Admitted.

20.    Denied.

21.    Denied.

22.    Denied.

23.    Copeland lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 23, and they are therefore denied.

24.    Copeland lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 24, and they are therefore denied.

25.    Copeland lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 25, and they are therefore denied.

26.    The allegations of Paragraph 26 contain general statements of the law to which Copeland need not respond. To the extent the allegations of Paragraph 26 contain factual allegations or other allegations to which Copeland must respond, those claims are denied.

27.    Copeland lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 27, and they are therefore denied.

28.    Copeland denies it made telemarketing calls in the manner and for the purpose alleged in Paragraph 28.

29.    Denied.

## CLASS ALLEGATIONS

30.    The allegations of Paragraph 30 contain general statements of the law to which Copeland need not respond.  To the extent the allegations of Paragraph 30 contain factual allegations or other allegations to which Copeland must respond, those claims are denied.

ME1\61257428.v1

31.     The allegations of Paragraph 31 contain general statements of the law to which Copeland need not respond.  To the extent the allegations of Paragraph 31 contain factual allegations or other allegations to which Copeland must respond, those claims are denied.

32.     The allegations of Paragraph 32 contain general statements of the law to which Copeland need not respond.  To the extent the allegations of Paragraph 32 contain factual allegations or other allegations to which Copeland must respond, those claims are denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     The allegations of Paragraph 39 contain general statements and conclusions of law to which Copeland need not respond.  To the extent the allegations of Paragraph 39 contain factual allegations or other allegations to which Copeland must respond, those claims are denied.

40.     The allegations of Paragraph 40 contain general statements and conclusions of law to which Copeland need not respond.  To the extent the allegations of Paragraph 40 contain factual allegations or other allegations to which Copeland must respond, those claims are denied.

**COUNT I**
**Violation of TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and Do Not Call Registry Class)**

41.     Copeland repeats and incorporates by reference its answers to each and every allegation contained above as though fully set forth at length herein.

42.     The allegations of Paragraph 42 contain general statements and conclusions of law

4

to which Copeland need not respond.  To the extent the allegations of Paragraph 42 contain factual allegations or other allegations to which Copeland must respond, those claims are denied.

43. The allegations of Paragraph 43 contain general statements and conclusions of law to which Copeland need not respond.  To the extent the allegations of Paragraph 43 contain factual allegations or other allegations to which Copeland must respond, those claims are denied.

44. The allegations of Paragraph 44 contain general statements and conclusions of law to which Copeland need not respond.  To the extent the allegations of Paragraph 44 contain factual allegations or other allegations to which Copeland must respond, those claims are denied.

45. The allegations of Paragraph 45 contain general statements and conclusions of law to which Copeland need not respond.  To the extent the allegations of Paragraph 45 contain factual allegations or other allegations to which Copeland must respond, those claims are denied.

46. Denied.

47. Denied.

48. The allegations of Paragraph 48 contain general statements and conclusions of law to which Copeland need not respond.  To the extent the allegations of Paragraph 48 contain factual allegations or other allegations to which Copeland must respond, those claims are denied

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which the Court may grant relief.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the doctrines of waiver, estoppel, consent and/or unclean hands.

5

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to her prior express consent, including prior express written consent.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the parties had an established business relationship.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendant maintained, at all relevant times, good-faith compliance procedures and any action or conduct not in compliance with those procedures was in error despite Defendant's good faith conduct.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the communications complained of by the Plaintiff were not telephone solicitations.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff's telephone number is not a residential line.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to her failure to revoke consent.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because she lacks standing to pursue such claims.

### TENTH AFFIRMATIVE DEFENSE

Defendant denies its conduct caused any damage to Plaintiff, but to the extent Plaintiff claims to have suffered damages, she failed to mitigate those damages.

ME1\61257428.v1

### ELEVENTH AFFIRMATIVE DEFENSE

The claims asserted by Plaintiff are not so numerous that joinder of all parties is impracticable.

### TWELFTH AFFIRMATIVE DEFENSE

The claims asserted by Plaintiff do not raise questions of law or fact common to the putative class.

### THIRTEENTH AFFIRMATIVE DEFENSE

The claims asserted by Plaintiff, and the defenses asserted herein, are not typical of the claims of the putative class.

### FOURTEENTH AFFIRMATIVE DEFENSE

Neither the named representative Plaintiff nor her counsel will fairly and adequately protect the interests of the putative class.

### FIFTEENTH AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over Plaintiff's putative class action claims under the Class Action Fairness Act, to the extent that statute applies.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant asserts these defenses to the named Plaintiff's claims and reserves the right to assert additional or different defenses against later named members of any putative class, based on their individualized circumstances, and/or additional defenses against the Plaintiff's claims.

**WHEREFORE**, Defendant Copeland Enterprises, Inc. respectfully requests this Court enter judgment as follows:

1.    Dismissing plaintiff's Complaint with prejudice;

7

2.      Dismissing and/or striking plaintiff's class claims;

3.      For any other relief this Court deems equitable, just, and appropriate.

Respectfully submitted,

**COPELAND ENTERPRISES, INC.**

By its attorney,

/s/ Nicholas W. Allen
Nicholas W. Allen (BBO #663409)
McCarter & English, LLP
265 Franklin Street
Boston, MA 02110
Tel. (617) 449-6500
Fax (617) 326-3086
nallen@mccarter.com

Dated:   June 15, 2026

## CERTIFICATE OF SERVICE

I, Nicholas W. Allen, hereby certify that on the 15th day of June, 2026, a true copy of the above document was served on counsel for all parties through the Court's ECF/CM system.

/s/ Nicholas W. Allen
Nicholas W. Allen

8